## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

MITCHELL KALWASINSKI
82-A-4795,

                                            Plaintiff,

-vs-                                  DECISION & ORDER
                                                                09-CV-6295-CJS

R. McCRAKEN, *et al.*

                                            Defendants.

## APPEARANCES

For Plaintiff:                           Mitchell Kalwasinski 82-A-4795 *pro se*
                                                  Great Meadow Correctional Facility
                                                  Box 51
                                                  Comstock, NY 12821-0051

For Defendants:                       J. Richard Benitez, A.A.G.
                                                  New York State Attorney General's Office
                                                  144 Exchange Boulevard, Suite 200
                                                  Rochester, NY 14614

## INTRODUCTION

**Siragusa, J.** Defendants filed a Notice of Motion and memorandum of support on August 26, 2009 (Docket No. 4), seeking an Order pursuant to 28 U.S.C. § 1915(g) and 28 U.S.C. § 1915(e)(2) revoking Plaintiff's *in forma pauperis* status and a stay, alleging that Plaintiff is in violation of the "three strikes" provision of the Prisoner Litigation Reform Act of 1995, PL 104-134, 110 Stat 1321 ("PLRA"). In his response to Defendants' motion, Plaintiff has included a cross-motion seeking, in essence, to strike Defendant's motion for failure to comply with Local Rule of Civil Procedure 7.1, by failing to "file with the court, and plaintiff a

copy of its declaration, affidavit or affirmation in support of its notice of motion of [A]ugust 26, 2009...." (Kalwasinksi Decl. (undated) ¶ 3.) For the reasons stated below, both applications are denied.

## BACKGROUND

Plaintiff filed a complaint on June 8, 2009, asserting claims against twelve defendants, all employees of the New York State Department of Correctional Services ("DOCS"). In his complaint, Plaintiff alleges he was confined at Southport Correctional facility (Compl. ¶ 1) when, on June 15, 2006, one defendant "maliciously and sadistically attacked plaintiff with a baton knocking plaintiff to the ground, then viciously and maniacally began to brutally kick with booted feet in his groin, thighs and back area causing serious physical injury to plaintiff" (Compl. ¶ 18). He also alleges that Defendants conspired to take unlawful measures against him to cover up the attack, and specifies the measures he alleges they took. (Compl. ¶¶ 19–25.) Plaintiff enumerates the actions in his complaint, which include filing false misbehavior reports against him, destroying his property, denying him exercise, showers, cell cleanup and library services, *etc*. Finally, he further alleges that he "is in imminent danger of serious physical injury as defendants continue to conspire to retaliate against plaintiff by beating him and causing him other injuries for his filing of grievances and lawsuits." (Compl. ¶ 44.)

On July 14, 2009, the Court granted Plaintiff's motion to proceed *in forma pauperis* and directed service of the complaint. On August 26, 2009, Defendants moved to dismiss (Docket No. 4), and Plaintiff sent his response to Chambers[1] on October 23, 2009.

---

[1]Plaintiff's papers include a certificate of service showing they were mailed on October 23, 2009, to J. Richard Benitez, Esq., who represents Defendants in this action. As a courtesy to Plaintiff, the Court provided the papers to the Clerk for docketing. Evidently, Plaintiff also provided

According to the DOCS Inmate Locator,[2] Plaintiff was originally received by DOCS on October 5, 1982, on a new commitment from Kings County, New York, following a conviction for murder in the second degree. In pleading guilty, Plaintiff admitted that he struck a three-year-old infant more than two times and the child died as a result of the injuries. *People v. Kalwasinski*, 160 A.D.2d 732 (N.Y. App. Div. 1990). He received a sentence of fifteen years to life.

## STANDARDS OF LAW

***Local Rule of Civil Procedure 71.***

Western District of New York Local Rule of Civil Procedure 7.1 provides in pertinent part as follows:

> All pleadings, notices and other papers shall be served and filed in accordance with the Federal Rules of Civil Procedure.…
>
> Under all other circumstances, and except as ordered otherwise by the Court, notices of motion together with supporting affidavits and memoranda shall be served on the parties and filed with the Clerk at least ten business days prior to the return date of the motion.

(Loc. R. Civ. P. 7.1(a) & (c).) Federal Rule of Civil Procedure 12(b) permits any of the enumerated defenses to be made by motion; however, "Motions advancing non-Rule 12(b) defenses and objections also are authorized by several federal statutes." 5C Fed. Prac. & Proc. Civ. § 1360 (3d ed.). The Court has previously entertained a motion pursuant to the Prison Litigation Reform Act. *See Burgess v. Conway*, 631 F. Supp. 2d 280 (W.D.N.Y. 2009). Unlike motions for summary judgment, a motion made under the PLRA does not require

---

a copy to the Clerk, since his response is docketed twice: Docket No. 9 and Docket No. 10.

[2]DOCS Inmate Lookup service is available at http://nysdocslookup.docs.state.ny.us/kinqw00 (last accessed Nov. 9, 2009).

supporting affidavits, and the issue of whether a prior dismissed lawsuit is a "strike" for PLRA purposes is a question of law for the Court. *See Tafari v. Hues*, 473 F.3d 440 (2d Cir. 2007).

***PLRA and "Three Strikes"***

The PLRA added the following language to 28 U.S.C. § 1915:

> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal—
>
> (I) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief….
>
> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(e)(2) & (g) (1996). The language in subdivision (g) has been referred to as the "three strikes" rule. The Second Circuit has held that,

> Section 1915(g) denies in forma pauperis status-that is, the ability to file a civil action with fees paid by the Court-to an incarcerated person who has filed three or more previous actions deemed to be "frivolous, malicious, or [which] fail[ed] to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

*Polanco v. Hopkins*, 510 F.3d 152, 153 (2d Cir. 2007). Even if a court has already granted *in forma pauperis* status to a plaintiff, should it thereafter become aware of a basis for denying

that status pursuant to § 1915(g), it may nevertheless apply the statute. *See McFadden v. Parpan*, 16 F. Supp. 2d 246, 247 (E.D.N.Y. 1998).

**ANALYSIS**

First, addressing Plaintiff's cross-motion to strike, the basis for Defendants' application is statutory, and neither the statute, nor the Federal Rules of Civil Procedure, requires the filing of an affidavit or affirmation. Accordingly, there is no basis to strike Defendants' motion under Local Rule 7.1.

Turning now to Defendants' motion, they allege that Plaintiff has already suffered three "strikes" in prior federal litigation. They argue that, "[g]iven plaintiff's documented history of malicious litigation, he cannot be entitled to IFP status in the present action and his complaint must be dismissed." (Def.s' Mem. of Law at 3.) As the Honorable David N. Hurd of the Northern District of New York determined, Plaintiff accumulated three strikes as a result of two cases in the Northern District and one in the Western District of New York. *Kalwasinski v. Wood*, No. 9:02-CV-1146 (CNH/RFT), slip opn. at 6 (N.D.N.Y. Sept. 28, 2004). The Court has reviewed its own docket, as well as cases appealed from the Western District of New York to the Second Circuit, and discovered the following matters previously filed by Plaintiff along with their dispositions:

| 94-CV-6043-MAT *Kalwasinski v. Bernard* | Oct. 11, 1994, Order entered dismissing complaint. |
| 94-CV-6123-MAT *Kalwasinski v. Coughlin* | Jun. 6, 1995, Order entered dismissing case for failure to prosecute. |
| 95-CV-6343-CJS-WGB *Kalwasinski v. Coombe, et al.* | May 8, 2002, Judgment for defendants following bench trial. |

| | |
|---|---|
| USCA No. 01-310 *Kalwasinski v. Coombe, et al.* Appeal | Dec. 8, 2003, MANDATE of USCA dismissing appeal for failure to comply with USCA Court's previous order by properly ordering a copy of the trial transcript; appellants pending motions are denied as moot |
| 95-CV-6526-MAT-JWF *Kalwasinski v. Coombe, et al.* | Apr. 3, 1997, Summary Judgment entered for Defendants |
| 95-CV-6632-MAT *Kalwasinski v. Coombe* | May 28, 1997, Summary Judgment entered for Defendants. |
| 96-CV-6113-MAT *Kalwasinski v. Vanderlaan* | May 20, 1996, Order entered complaint dismissed without prejudice and leave to appeal as a poor person denied. |
| 96-CV-6172-JWF *Kalwasinski v. Morse, et al.*-JWF | Mar. 19, 1999, Summary Judgment entered for Defendants. |
| USCA No. 05-1104-pr *Kalwasinski v. McGinnis* | Apr. 4, 2007, Interlocutory appeal dismissed as defaulted. |
| 96-CV-6475-JWF *Kalwasinski v. McGinnis, et al.* | Sep. 17, 2007, Order entered dismissing complaint. |
| USCA No. 97-2786 *Kalwasinski v. McGinnis* | June 11, 1999, Order filed denying certificate of appealability |
| USCA No. 08-3605-pr *Kalwasinski v. McGinnis* | Mar. 13, 2008, appeal dismissed for lack of jurisdiction. |

In accordance with § 1915, the Court will consider only those cases that were dismissed on grounds that they were frivolous, malicious, or fail to state a claim upon which relief may be granted.

In that regard, the Court first considers *Kalwasinski v. Bernard*, No. 94-CV-6043T, slip opn. at 4–5 (W.D.N.Y. Oct. 12, 1994). On October 12, 1994, the Honorable Michael A. Telesca, U.S. District Judge of this court, entered a Decision and Order dismissing Plaintiff's complaint for failure to state a cause of action. Plaintiff alleged that on April 28, 1993, he

"observed the defendant, a corrections counselor, 'aggressively stroking the erect phallus' on an inmate named Robinson. Plaintiff claims that Mrs. Bernard subsequently threatened and harassed him in an effort to prevent him from informing prison authorities of what he had allegedly witnessed." *Id*. at 1. Pursuant to the statute, case 94-CV-6043T is a "strike" since it was "dismissed on the grounds that it … fail[ed] to state a claim upon which relief may be granted…." 28 U.S.C. § 1915(g). Judge Hurd considered this case and also determined that it constituted a "strike" for 1915(g) purposes. *Kalwasinski v. Wood*, No. 9:02-CV-1146 (CNH/RFT), slip opn. at 6 (N.D.N.Y. Sept. 28, 2004).

Second, with regard to *Kalwasinski v. Coughlin*, No. 94-CV-6123, the Court is not aware of any support for finding a "strike" based upon a failure to prosecute. *See Harry v. Doe*, No. 09-CV-2342 (SJF)(LB), 2009 WL 2152531, 2 (E.D.N.Y. Jul. 17, 2009) ("the Court considers it unlikely that the dismissal for failure to prosecute would count as a strike, *see Harry v. Doe*, No. 05 Civ. 8131 (S.D.N.Y. Sept. 20, 2005) (dismissal for failure to prosecute), unless the Corporation Counsel can provide support for such a claim."). In his Decision and Order in 94-CV-6043T, Judge Telesca did suggest that the case had no merit:

> The Court notes that plaintiff has filed another complaint relating to his incarceration at Attica Correctional Facility, 94-CV-6123T, in which he claims that three male corrections officers engage in homosexual activities with inmates who take hormones to develop feminine-type bodies, that three female corrections officers and a registered nurse have had intercourse with him, and that another registered nurse's "major concern was to stare at [his] penis."

*Kalwasinski v. Bernard*, No. 94-CV-6043T, slip. opn. at 3 n. 1. However, since 94-CV-6123T was dismissed not because it was frivolous, malicious, or for failure to state a claim, the Court concludes that it does not constitute a "strike" under 1915(g).

Third, in *Kalwasinski v. Vanderlaan*, No. 96-CV-6113T, slip. opn. at 7 (W.D.N.Y. May 15, 1996), the Honorable John T. Elfvin entered a Memorandum and Order dismissing Plaintiff's complaint. In this case, Plaintiff, then an inmate of Southport Correctional Facility, alleged that the defendant gave documents received in response to Plaintiff's Freedom of Information Act request to an inmate named Rodrigues and other inmates at Southport. *Id*. at 1. Plaintiff claimed "that the documents contained information pertaining to 'plaintiff's incarceration, his placement in protective custody, the reason why' and names, address, and telephone number of plaintiff's sister and her children." *Id*. at 1–2. As a result of the disclosure of information, Plaintiff alleged that "fellow inmates were threatening his life, and the lives of his sister and her children." *Id*. at 2. He also alleged that inmates were banging on the steel heater covers preventing him from sleeping and reading, and that he was "being confined to his cell and deprived of outdoor recreation because fellow inmates threaten to spin on him and throw bodily waste on him if he emerges from his cell." *Id*. at 2.

In dismissing the complaint, Judge Elfvin set forth the standards under 28 U.S.C. § 1915(d), Judge Elfvin and concluded: "A review of plaintiff's papers demonstrates that plaintiff's claims in this case are based on indisputably meritless legal theories. As a result, under the above-noted standards, they are subject to dismissal under Section 1915(d)." *Id*. at 3. He reasoned that Plaintiff had no "constitutional right to keep his criminal conviction confidential.... Similarly, because the names, addresses and phone numbers of plaintiff's family members is information readily available to the public, disclosure of this information did not violate plaintiff's constitutional rights." *Id*. at 3. With regard to his fellow inmates' banging on the heater covers to harass Plaintiff, Judge Elfvin determined that Plaintiff had "not alleged a deprivation that is 'sufficiently serious' to amount to an Eighth Amendment violation." *Id*. at

5. Judge Elfvin also concluded that Plaintiff's allegation that he was being confined to his cell "as a method of protecting [his] safety" was not "sufficiently serious" to amount to an Eighth Amendment violation, citing *Van Hoorelbeke v. Hawk*, 70 F.3d 117 (7th Cir. 1995), since he was permitted to move about his cell and had not alleged that his health had been threatened. *Id*. at 6. Judge Elfvin wrote that, "[e]ven affording plaintiff's complaint the liberal reading due pleadings filed by *pro se* litigants …, the Court finds that the complaint is frivolous as a matter of law." *Id*. at 7. Therefore, pursuant to the statute, case 96-CV-6113T is a "strike" since it was "dismissed on the grounds that it [was] … fail[ed] to state a claim upon which relief may be granted…." 28 U.S.C. § 1915(g).[3]

Fourth, *Kalwasinski v. McGinnis, et al.*, No. 96-CV-6475, was dismissed by U.S. Magistrate Judge Jonathan W. Feldman as a sanction based upon his finding that Plaintiff had threatened to murder the defendants and their families through civilian associates. As egregious as Plaintiff's conduct was in that case, the Court cannot conclude that the dismissal was because his lawsuit was "frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted…." 28 U.S.C. § 1915(g).

Fifth, in *Kalwasinski v. McGinnis*, No. 97-2786 (2d Cir. Jun. 11, 1999), the United States Court of Appeals for the Second Circuit on June 11, 1999, entered an Order in denying Plaintiff's appeal, which it,

---

[3]Though Judge Elfvin made his dismissal "without prejudice," he did not do so on procedural grounds, but on the merits. *See Rafari v. Hues*, 473 F.3d 440 (2d Cir. 2007) ("The jurisdictional defect in Moscicki stands in stark contrast to the clearly baseless suits with which Congress was concerned when passing the PLRA."). In Rafari, the Second Circuit made clear that a dismissal, in order to qualify as a "strike" under § 1915(g), must be on the merits, not due to a procedural deficiency, such as failure to exhaust administrative remedies. Accordingly, Judge Hurd's decision in *Kalwasinski v. Wood*, which determined that Judge Elfvin's dismissal did not qualify as a "strike," is distinguishable based on later Second Circuit case law.

> construed … as a motion for certificate of appealability. Construed as such, the motion for a certificate of appealability is denied and the appeal is dismissed. Appellant has failed to make the requisite showing that he is being held in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. 2254. (JMMc, C.J. DJ, C.J. McMahon*) by (LC). (pr24)

The Court determines that the Second Circuit's denial of Plaintiff's appeal constitutes a strike, since it was an appeal dismissed on the grounds that it failed to state a claim upon which relief may be granted. *See Burgess v. Conway*, 631 F. Supp. 2d 280, 282 (W.D.N.Y. 2009) ("the Court of Appeals denied plaintiff's IFP request and dismissed the appeal as frivolous" constituting a strike.). A certificate of appealability can be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (1996). As the Fourth Circuit observed in *United States v. Kornegay*, 204 Fed. Appx. 198 (4th Cir. 2006):

> A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir.2001).

*Kornegay*, 204 Fed. Appx. at 99. Consequently, the Circuit Court's denial of a certificate of appealability amounted to a determination that Plaintiff "fail[ed] to state a claim upon which relief may be granted…." 28 U.S.C. § 1915(g), and constitutes a strike.

Therefore, considering cases from the Western District of New York, as well as those from the Northern District of New York referenced by Judge Hurd in his decision, Plaintiff has accumulated more than three "strikes." 28 U.S.C. § 1915(g). Accordingly, "unless the prisoner is under imminent danger of serious physical injury" at the time the present lawsuit was filed, he is not entitled to *in forma pauperis* status. *Id*. In this regard, the Second Circuit wrote in *Pettus v. Morgenthau*, 554 F.3d 293 (2d Cir. 2009):

> we hold that the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the "imminent danger" exception of § 1915(g). In deciding whether such a nexus exists, we will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury.

*Pettus*, 554 F.3d 298–99.

As indicated above, Plaintiff alleges in his complaint that he "is in imminent danger of serious physical injury as defendants continue to conspire to retaliate against plaintiff by beating him and causing him other injuries for his filing of grievances and lawsuits." (Compl. ¶ 44.) Reading Plaintiff's allegation liberally, he alleges in a conclusory fashion that Defendants are *conspiring* against him by making plans to retaliate for his filing of grievances and lawsuits. However, since Defendants to whom Plaintiff's allegations pertain are at Southport and Attica Correctional Facilities, and not Great Meadow Correctional Facility, where he was housed at the time he filed his complaint (Compl. ¶¶ 1–6), he cannot possibly meet the imminent danger exception. *See Welch v. Selsky*, No. 9:06-CV-00812 (LEK/DEP), 2008 WL 238553, *6 n.4 (N.D.N.Y. Jan. 28, 2008) ("While plaintiff's complaint alleges in wholly conclusory terms that defendants' conspiracy against him is both systemic and ongoing, it is arguable that he can no longer satisfy the imminent danger exception requirement in light of his transfer…."); *Burgess v. Conway*, 631 F. Supp. 2d 280, 283 (W.D.N.Y. 2009) ("To fall within the exception, however, the danger must be specific in nature, and amount to more than just fear that a physical attack could occur at some point in the future. *See Brown v. Johnson*, 387 F.3d 1344, 1349-1350 (11th Cir.2004) (plaintiff must present 'specific fact allegations … of a pattern of misconduct evidencing the likelihood of imminent serious physical injury')…."). Accordingly, Plaintiff is not entitled to *in forma pauperis*

status. 28 U.S.C. § 1915(g). The Court, though, declines to dismiss the action based on Defendants' argument, raised in their supporting memorandum, that the complaint was filed nearly three years after the alleged acts took place and that Plaintiff has a history of frivolous and malicious litigation. (Def.s' Mem. of Law at 4.)

## CONCLUSION

Defendants' motion (Docket No. 4) for an Order revoking Plaintiff's *in forma pauperis* status and dismissing the complaint is granted in part and denied in part. Plaintiff's *in forma puaperis* status is revoked pursuant to 28 U.S.C. § 1915(g). Plaintiff's cross-motion (Docket No. 9) is denied for the reasons stated above. **Plaintiff shall pay the applicable filing fee of $350.00 within thirty (30) days of the filing of this Order and that failure to pay such fee will result in a dismissal of this case without further order of the Court.**

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

IT IS SO ORDERED.

Dated: November 19, 2009
        Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge