UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MITCHELL KALWASINSKI,

        Plaintiff,                                     DECISION AND ORDER

vs.                                                     09-CV-6295

R. McCRAKEN, et al.,

        Defendants.

_____

**Siragusa, J.** Before the Court are two applications from Plaintiff: (1) a motion seeking disqualification of the undersigned pursuant to 28 U.S.C. § 455(a) (ECF No. 15); and (2) a motion to alter or amend the Court's judgment of November 29, 2009, in which the Court revoked Plaintiffs *in forma puaperis* status pursuant to 28 U.S.C. § 1915(g) (ECF No. 12). For the reasons stated below, both applications are denied.

Turning first to the motion to recuse under § 455(a), the Court notes that the law in this area is well settled. "In determining whether [28 U.S.C. § 455(a)] requires recusal, the appropriate standard is objective reasonableness—whether an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal." *United States v. Carlton,* 534 F.3d 97, 100 (2d Cir.2008) (citations omitted). In support of his motion, Plaintiff alleges the following particulars:

> Pursuant to the prison Litigation Reform Act's requirement in assigning Mr. Kalwasinski's new complaint (09-cv-6295) to those judge's [sic] (Siragusa and Feldman) familiar with Mr. Kalwasinski. From their having presided over Mr. Kalwasinski's prior Law Suits, and where such judges having developed an [sic] certain bias towards Mr. Kalwasinski. Judge Siragusa, is once again sabotaging M. Kalwasinski case (09-cv-6295).

> Specifically, [J]udge Siragusa, intentionally created erroneous facts to dismiss the complaint in this case, as though more fully stated in Mr. Kalwasinski['s] Motion for an order to alter/Amend the court[']s asinine [sic] order of November 19, 2009, where [J]udge Siragusa, admits to being biased against M. Kalwasinski.
>
> This is not the first time such judges demonstrated an obvious bias towards Mr. Kalwasinski., for instance, in Kalwasinki v. Konfederoth, 95-cv-6343 (CJS) [J]udge Siragusa found in favor of these defendants stating his reasons for doing so, "because of their loss of memory" ...[.] The defendants, got away with attacking Plaintiff (see also Kalwasinski v. Fischer, DKT No. Ca. 09-01444 APP. DIV. 4Th. Dept.)[.] Solely because [J]udge Siragusa, found defendants could not recall the events of that day; The trial transcripts, Admissions, depositions, and interrogatories, show defendant's [sic] have a vivid recollection of the incident on the day in question.

Kalwasinski Decl. ¶¶ 8–10, Mar. 31, 2010, ECF No. 15. Defendants have not filed any papers addressing this application.

In its Decision and Order of November 19, 2009, *Kalwasinski v. McCraken*, No. 09-CV-6295-CJS, 2009 U.S. Dist. LEXIS 108235 (W.D.N.Y. Nov. 19, 2009), the Court determined that Plaintiff had accumulated three "strikes" and, consequently, pursuant to 28 U.S.C. § 1915(g), revoked his *in forma pauperis* status and directed him to pay the $350 filing fee within thirty days. Instead of doing so, Plaintiff filed an application to alter or amend that Order. In making its finding of three strikes, the Court reviewed decisions and the dockets for twelve separate cases involving Plaintiff and concluded that at least three of those cases, including one before the United States Court of Appeals for the Second Circuit, were dismissed on grounds constituting a "strike" under § 1915(g). The Court did not fabricate any evidence; it simply reviewed the information already present in the public decisions and dockets of the twelve cases. Further, the Court determined, after a thorough review of Plaintiff's papers in opposition to the defense motion to strike his *in forma pauperis* status, that he was not in imminent danger. Notwithstanding its

finding on the § 1915(g) issue, the Court denied the defense motion to dismiss the complaint on Defendants' argument that Plaintiff had a history of frivolous and malicious litigation and had filed his complaint nearly three years after the alleged acts underlying his causes of action.

With regard to Plaintiff's allegations concerning the separate case of *Kalwasinski v. Coombe*, No. 95-CV-6343-CJS-EGB (W.D.N.Y. May 8, 2002), that matter went to trial for three days before the Court without a jury, and the Court placed its findings of fact and conclusions of law on the record, finding that Plaintiff had not proven his case. Plaintiff appealed the decision to the Second Circuit, which dismissed his appeal for failure to file a transcript in a Mandate docketed with this Court on December 8, 2003 (USCA No. 02-0172). Without a transcript of the Court's findings, the Court is unable to address Plaintiff's specific allegations. The Court notes, though, that, "[a] determination of bias under [§ 455] must be based on extrajudicial conduct, not conduct arising in a trial setting." *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1314 (2d Cir. 1988).

Accordingly, the Court finds no basis for disqualifying itself from this case and that application is denied.

The Court now turns to Plaintiff's motion pursuant to Federal Rule of Civil Procedure 59(e). Plaintiff's application is dated November 27, 2009, eight days after the Court issued its decision. The law in this area is equally well settled. The standard for granting a motion made pursuant to Rule 59(e) "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255,

257 (2d Cir. 1995).

Plaintiff states that three cases found to be "strikes" by the Northern District of New York, "*Kalwasinski v. Coughlin*, No. 94-CV-6123 (MAT), *Kalwasinski v. Bernard*, No. 94-CV-6043 (MAT) and *Kalwasinski v. Vanderloan*, No. 96-CV-6113 (MAT), are the same, and only cases, this court's decision and order (Dkt # 11) also found to be a [sic] strike." Kalwasinski Decl. ¶ 10, Dec. 7, 2009, ECF No. 12.[1] Plaintiff also states that the appellate case this Court counted as a strike is actually USCA No. 08-3605, which he further states, is still pending on appeal. *Id*. ¶ 12. An entry in the Court of Appeals' docket for case number 08-3605, *Kalwasinski v. McGinnis*, shows that on March 13, 2009, the Second Circuit filed an Order stating: "Appellant, pro se, moves for leave to proceed *in forma pauperis*. However, this Court has determined *sua sponte* that the notice of appeal was untimely filed. Upon due consideration, it is hereby ORDERED that the appeal is DISMISSED for lack of jurisdiction."

Although in its November 19, 2009, Decision and Order, this Court referenced Court of Appeals case No. 08-3605 and the dismissal of that appeal, as one of the many cases it reviewed, this Court, in fact, construed a different Court of Appeals case as a strike. As the Court wrote in its decision and order:

> Fifth, in *Kalwasinski v. McGinnis*, No. 97-2786 (2d Cir. Jun. 11, 1999), the United States Court of Appeals for the Second Circuit on June 11, 1999, entered an Order in denying Plaintiff's appeal, which it,
>> construed … as a motion for certificate of appealability. Construed as such, the motion for a certificate of appealability is denied and the appeal is dismissed. Appellant has failed to make the requisite showing that he is being held in custody in violation of the

---

[1] Plaintiff's contention is unclear. The Court considered a total of twelve cases filed by Plaintiff in its Decision and Order, at 5–6. In analyzing some of those cases, the Court referred to Judge Hurd's analysis of the same cases, noting where Judge Hurd determined that the dismissal of a case constituted a strike. *Id.*, at 7.

4

> Constitution or laws or treaties of the United States. 28 U.S.C. 2254. (JMMc, C.J. DJ, C.J. McMahon*) by (LC). (pr24)
>
> The Court determines that the Second Circuit's denial of Plaintiff's appeal constitutes a strike, since it was an appeal dismissed on the grounds that it failed to state a claim upon which relief may be granted. *See Burgess v. Conway*, 631 F. Supp. 2d 280, 282 (W.D.N.Y. 2009) ("the Court of Appeals denied plaintiff's IFP request and dismissed the appeal as frivolous" constituting a strike.). A certificate of appealability can be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (1996).

*Kalwasinski v. McCraken*, 2009 U.S. Dist. LEXIS 108235, 13–14. The Court of Appeals case No. 97-2786 had its origins in a case before the Honorable Edward R. Korman, and the case number below was 97-CV-370, involving a petition for a writ of habeas corpus. *See* U.S. Court of Appeals Case Summary for Docket # 97-2786 (available through PACER). Therefore, the Court finds that Plaintiff has failed to raise a basis for reconsideration of its prior decision. Further, the Court has reviewed Plaintiff's individual arguments against each of its findings and is not persuaded to change its ruling.

Plaintiff also claims that the Court erred by finding that he was no longer in imminent danger due to his transfer to the Great Meadow Correctional Facility. He claims that disgruntled defendants there in a separate case, "went about the inmate G.P. telling inmates the Plaintiff was convicted for causing the death of a three-year-old Afro-American child in an attempt to cause the Plaintiff serious physical injury and even death." Kalwasinski Decl. ¶ 15. He also alleges an excessive use of force against him at Great Meadow on September 4, 2009, but provides no particular facts about the incident. The Court notes that Plaintiff is presently at Five Points Correctional Facility.

The Court, in its November 19, 2009, Decision and Order, cited several cases for the proposition that a speculative and conclusory allegation of imminent danger is insufficient to meet the requirements of § 1915(g):

5

> *See Welch v. Selsky*, No. 9:06-CV-00812 (LEK/DEP), 2008 WL 238553, *6 n.4 (N.D.N.Y. Jan. 28, 2008) ("While plaintiff's complaint alleges in wholly conclusory terms that defendants' conspiracy against him is both systemic and ongoing, it is arguable that he can no longer satisfy the imminent danger exception requirement in light of his transfer…."); *Burgess v. Conway*, 631 F. Supp. 2d 280, 283 (W.D.N.Y. 2009) ("To fall within the exception, however, the danger must be specific in nature, and amount to more than just fear that a physical attack could occur at some point in the future. *See Brown v. Johnson*, 387 F.3d 1344, 1349-1350 (11th Cir.2004) (plaintiff must present 'specific fact allegations ... of a pattern of misconduct evidencing the likelihood of imminent serious physical injury')….").

*Kalwasinski*, 2009 U.S. Dist. LEXIS 108235, 16–17. The Court determines that Plaintiff has not presented specific factual allegations that evidence the likelihood of imminent serious physical injury.

In conclusion, Plaintiff has failed to show that the Court's prior Decision and Order was erroneous or overlooked applicable law or facts. In light of the above, it is hereby,

ORDERED, that Plaintiff's application seeking recusal, ECF No. 15, is denied; and it is further

ORDERED, that Plaintiff's motion to alter or amend the Court's Decision and Order of November 19, 2009, ECF No. 12, is likewise denied; and it is further

ORDERED, that Plaintiff, having failed to pay the full filing fee as directed by December 19, 2009, and the Court having previously ruled that, "failure to pay such fee will result in a dismissal of this case without further order of the Court," *Kalwasinski v. McCraken*, 2009 U.S. Dist. LEXIS 108235 (W.D.N.Y. Nov. 19, 2009), the Clerk is directed to enter judgment for Defendants and close this case; and it is further

ORDERED, that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Decision and Order would not be taken in good faith, and leave to

6

appeal to the Court of Appeals as a poor person is hereby denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

Dated: June 5, 2013
Rochester, New York

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge